HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANA WOLFE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. C12-1891RAJ

ORDER

The court DENIES Plaintiff's motion to force Defendant to pay the settlement in this case on the timetable that Plaintiff prefers. Dkt. # 18. The court directs the clerk to DISMISS this case with prejudice, reflecting the parties' settlement agreement.

The parties signed a settlement agreement on October 8, 2013. That agreement required Defendant to pay Plaintiff $97,000. The agreement imposed no payment deadline. On October 31, Plaintiff filed the motion now before the court, demanding that the court impose a payment deadline of November 12. Plaintiff improperly noted that motion, and later amended her request, asking for a deadline of November 22. The sole basis for Plaintiff's motion is her insistence that the deadline she prefers is "more than enough time for Defendant to deposit the proceeds of settlement." She offers no basis at all for her belief that mid-November was "more than enough time."

Defendant, by contrast, has offered evidence demonstrating that it takes time for the federal government to pay a judgment. By Defendant's estimate, Plaintiff would

ORDER – 1

have been paid last month. The court has no idea if Plaintiff has been paid; no one has updated the court on the status of payment.

The court acknowledges Defendant's contention that Plaintiff's implicit claim for breach of the settlement agreement is a claim over which the Court of Federal Claims has exclusive jurisdiction. The court expresses no view on that contention; Plaintiff did not even respond to it. The court holds that to the extent it has jurisdiction to rule on Plaintiff's claim, its ruling is that Plaintiff's claim is without basis. If Plaintiff wished to be paid by a date certain, she should have contracted for payment by a date certain. Plaintiff did not. Absent evidence that Defendant is unreasonably delaying payment (and there is no such evidence), the court will not grant relief.

The parties did not respond to the court's October 29 docket entry requiring them to submit a stipulation of dismissal. The settlement agreement mandates a dismissal with prejudice. The court therefore directs the clerk to dismiss this action with prejudice.

DATED this 3rd day of January, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2